# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**NATALIE LANDRY, ET AL.**

**VERSUS**

**FARMLAND MUTUAL INSURANCE COMPANY, ET AL.**

**CIVIL ACTION**

**NO. 18-470-JWD-RLB**

## ORDER

Before the Court is Defendants' Motion to Compel Independent Medical Examination (R. Doc. 40) filed on January 11, 2019. The motion is opposed. (R. Doc. 49). Defendants have filed a Reply. (R. Doc. 56).

This action involves alleged injuries resulting from an automobile crash. (R. Doc. 1-2).

Non-expert discovery closed on November 13, 2018. (R. Doc. 15 at 1). The deadline for defendants to provide expert reports is March 18, 2019, and the deadline to complete expert discovery is April 19, 2019. (R. Doc. 35). Trial is set to commence on October 7, 2019. (R. Doc. 15 at 2).

On December 19, 2018, defense counsel scheduled independent medical examinations ("IME") for Natalie Landry and Christopher Deville ("Plaintiffs"), respectively, on January 22, 2019 and January 29, 2019. (R. Doc. 40-2). The IMEs were scheduled to take place with Dr. Paul van Deventer at his office in Covington, Louisiana. Defendants assert that they requested the IMEs after receiving Ms. Landry's life care plan on December 11, 2018. (R. Doc. 40-1 at 2).[1]

Plaintiffs' counsel objected to the IMEs because they were unilaterally scheduled, the location of the IMEs would require each of the plaintiffs to drive over one hour, there are

---

[1] Defendants represent that they had not received the life care plan for Mr. Deville at the time the motion was filed. (R. Doc. 40-1 at 4). Plaintiff's expert report deadline expired after the filing of this motion on February 4, 2019. (R. Doc. 35).

numerous appropriate doctors in Baton Rouge, Louisiana, and the request was not made before the non-expert discovery deadline of November 13, 2018. (R. Doc. 40-3 at 1). Defense counsel asked Plaintiff's counsel to reconsider the objections, noting, among other things, that the travel distance for Ms. Landry would be the same as to her own treating physician, that he would recommend that Defendants reimburse mileage expenses for both plaintiffs, that reasonable notice of the IMEs of over 30 days was provided, and that the expert discovery deadline had not yet expired. (R. Doc. 40-4 at 1).

On January 11, 2019, Defendants filed the instant motion to obtain an order under Rule 35 requiring both plaintiffs to appear for a medical examination before Dr. van Deventer at his office in Covington. (R. Doc. 40). Defendants seek an order requiring the examination to occur prior to Defendants' expert report deadline. (R. Doc. 40-1 at 6).

Federal Rule of Civil Procedure 35 provides that the "court where the action is pending may order a party whose mental or physical condition—including blood group—is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Fed. R. Civ. P. 35(a)(1). Such an order may be issued "only on motion for good cause and on notice to all parties and the person to be examined" and "must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." Fed. R. Civ. P. 35(a)(2). A plaintiff places his or her physical or mental condition "in controversy" by pleading he or she has sustained a physical injury through the negligence of the defendant. *See Schlagenhauf v. Holder*, 379 U.S. 104, 119 (1964). "The decision as to whether or not to order an independent medical examination under Rule 35(a) rests in the court's sound discretion." *Glaze v Bud's Boat Rental, Inc.*, No. 93-1334, 1993 WL 441890, *1 (E.D. La. Oct. 21, 1993). Furthermore, "[a]lthough Rule 35 examinations may be ordered

'only on motion for good cause shown,' and use of the rule to compel such examinations is not unfettered, Rule 35(a) generally has been construed liberally in favor of granting discovery." *Grossie v. Fla. Marine Transporters, Inc.*, No. 04-0699, 2006 WL 2547047, at *2 (W.D. La. Aug. 31, 2006).

There is no dispute that there is good cause for Rule 35 examinations of both Plaintiffs with an orthopedic surgeon, that Dr. van Deventer is qualified to conduct the examinations, and that it would be a more economical use of the parties' resources for both Plaintiffs to be examined by the same physician. Plaintiffs also do not argue in their opposition that the motion is untimely or that the timing of the notice was unreasonable. The sole dispute is whether Plaintiffs should be required to travel to Covington (which falls outside of the geographic scope of this district) for the examinations.

Generally, courts will only mandate that a plaintiff "appear for examination at the place where the trial would be held—that is, at the venue selected initially by the plaintiff. This allows the examining physician to be available conveniently for testimony." *Thomas v. W&T Offshore, Inc.*, No. 16-14694, 2018 WL 501508, at *2 (E.D. La. Jan. 22, 2018) (quoting *Baird v. Quality Foods, Inc.*, 47 F.R.D. 212, 213 (E.D. La. 1969)). For an exception to be made to this general rule, courts have held that "the burden is not on the defendant to demonstrate that a satisfactory examination cannot be had a nearer locale to the plaintiff, but rather on the plaintiff to show that traveling to the examination poses undue burden or hardship." *Thomas*, 2018 WL 510508, at *2 (quoting *Ornelas v. S. Tire Mart, LLC*, 292 F.R.D. 388, 400 (S.D. Tex. 2013)).

Having considered the arguments and representations of the parties, the Court concludes that Plaintiffs have not demonstrated that travelling to Covington for their examinations would pose any undue burden or hardship. Foremost, Plaintiffs concede that Ms. Landry, who lives in

3

Livingston, Louisiana, would not face any undue burden or hardship travelling to Covington. (R. Doc. 50 at 5). Defendants represent that Ms. Landry must travel 26-40 miles (and 45 minutes) to reach her treating physician's office in Baton Rouge; whereas Ms. Landry must travel 49 miles (and 48 minutes) to reach of the Dr. van Deventer's office in Covington. (R. Doc. 40-1 at 5). Plaintiffs do not dispute these distances or travel times.

Instead, Plaintiffs focus on the potential undue burden or hardship on Mr. Deville. Plaintiffs assert that Mr. Deville resides in Oscar, Louisiana, and that he must travel 25 miles (and 30 minutes) to Baton Rouge, compared with 91 miles (and 93 minutes) to Covington. (R. Doc. 50 at 3). Plaintiffs assert that the 182 miles roundtrip to Covington, which would take over three hours, is unduly burdensome, particularly given that Mr. Deville would have to pass through Baton Rouge, where his treating physicians are located, and where more than 50 orthopedic surgeons are located. (R. Doc. 50 at 3-4). Defendants do not dispute these travel distances and times. Instead, Defendants assert that Plaintiffs fail to establish that Mr. Deville will face any undue burden or hardship by the single trip to Covington, considering he has made 25 trips to treating physicians in Baton Rouge and 25 trips to undergo physical therapy in Zachary, for a total of approximately 76 hours and 3,600 miles in travel for treatment for his alleged injuries. (R. Doc. 56 at 2-3).

While the Court acknowledges that the distance of 91 miles might cause some inconvenience to Mr. Deville, the record does not indicate that he will face any undue burden or hardship by travelling to Covington. On the contrary, the record indicates that both plaintiffs are physically able to travel considerable distances by car, and have done so on multiple occasions to treat with their own physicians. Furthermore, any financial hardship caused by the travel is moot

4

in light of Defendants' offer to reimburse travel expenses (which the Court will require Defendants to do).

The Court is also satisfied that the purpose for the general rule—that the examining physician be located in the district where the trial is to be held to allow the physician to be conveniently available for testimony—is satisfied even though Covington falls outside of the geographic scope of this district. Because his office is within 100 miles of Baton Rouge, Dr. Van Deventer will be subject to subpoenas for trials, hearings, depositions, and the production of documents in Baton Rouge. *See* Fed. R. Civ. P. 45(c).

Plaintiffs overstate the need for the IME to take place within the geographic scope of the district, particularly considering the relatively small size of the Middle District of Louisiana. Covington is approximately 30 miles outside of the Middle District of Louisiana with almost the entirety of the trip on Interstate 12. The relevant point is that Plaintiffs have not demonstrated any undue burden or hardship will be caused by their respective 49 mile and 91 miles trips to Dr. van Deventer's office for a Rule 35 examination. Given the distances involved, Defendants' agreement to reimburse travel costs, and the lack of any demonstrated undue burden or hardship, the Court finds it appropriate to order the examinations to take place at Dr. van Deventer's office in Covington, even though that location is outside of the geographic scope of this district. This decision is consistent with other decisions within this circuit. *See Thomas*, 2018 WL 501508, at *2 (ordering examination to occur at a location 85 miles from plaintiff's home and within district); *Ornelas*, 292 F.R.D. at 400 (ordering examination to occur at a location 100 miles from plaintiff's home and within district); *Gant v. Helix Energy Sols. Grp.*, No. 07-0618, 2007 WL 2316526, at *2 (W.D. La. Aug. 9, 2007) (ordering examination to occur at a location 45 miles from plaintiff's home even though location was outside of district); *In re Bordelon Marine, Inc.*,

No. 11-1473, 2012 WL 1902576 (E.D. La. May 25, 2012) (denying motion to compel examination at a location 214 miles from claimant's home even though location was within district); *Rainey v. Wal-Mart Stores, Inc.*, 139 F.R.D. 94 (W.D. La. 1991) (denying motion to compel examination at a location 270 miles from the plaintiff's home and outside of district).

Based on the foregoing,

**IT IS ORDERED** that Defendants' Motion for Examination of Plaintiff (R. Doc. 40) is **GRANTED**. Plaintiffs' examinations shall take place in Dr. Paul van Deventer's office in Covington, Louisiana within **14 days** of the date of this Order, or as otherwise agreed upon by the parties. The parties are to meet-and-confer regarding appropriate dates and times of the examinations. Defendants shall reimburse the applicable mileage rates for witnesses in this district. The examination shall be in a manner consistent with generally accepted orthopedic methods of evaluation and testing. Given the delays caused by the instant motion, the Court finds good cause to extend the deadline for Defendants to provide expert reports to **April 3, 2019**. All other deadlines remain unchanged.

Signed in Baton Rouge, Louisiana, on March 7, 2019.

_____
**RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE**