UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

NATALIE LANDRY, ET AL        C.A. NO.: 3:18-CV-470-JWD-RLB

VERSUS

FARMLAND MUTUAL INSURANCE
COMPANY, ET AL

## RULING

Before the Court is defendants Marion Hughes, Wilburn Milk Company, Inc. and Farmland Mutual Insurance Company's ("Defendants") *Motion in Limine to Exclude Evidence of Plaintiff's Future Medical Costs for Failure to Mitigate Damages.* (Doc. 100.) It is opposed by plaintiffs Natalie Landry and Christopher Deville ("Plaintiffs"). (Doc. 105.) For the following reasons, the motion is denied.

**Background**

This matter arises out of a motor vehicle collision which occurred on January 26, 2017. Plaintiff Natalie Landry ("Landry") claims damages for personal injuries allegedly sustained in the accident. The extent of the injuries is one of the issues in the case.

**Argument of the Parties**

Defendants seek to exclude "evidence of [Landry's] future medical costs for battery replacement procedures for her spinal cord stimulator…" (Doc. 100 at 1.) In their motion, Defendants argue that the requested exclusion is warranted because Landry "has failed to mitigate her damages…" (*Id.*) In their memorandum, Defendants add another reason, i.e. that these damages are "speculative by their nature". (Doc. 100-1 at 2.)

Defendants' failure to mitigate argument, distilled to its essence, is as follows. One of Landry's treating physicians recommended a spinal fusion but Landry chose instead to follow the recommendation of another treating physician and have a spinal cord stimulator implanted to address her lumbar pain. Because the stimulator requires periodic battery replacements, the future medical costs associated with the spinal cord stimulator is significantly more expensive than the spinal fusion surgery. "Defendants should not be responsible for her personal choice of treatment that exceeds reasonable costs by approximately $1,300,000." (Doc. 100-1 at 4.)

Plaintiffs point the Court to the testimony of Landry's treating doctor, Joseph Turnipseed, M.D., to the effect that Landry was reluctant to have the fusion because of the long recovery required, the use of rods and screws in her back, and that a good result from the fusion surgery could not be guaranteed. (Doc. 105 at 2.) Instead, she chose the less invasive, albeit more expensive, procedure suggested by Dr. Turnipseed. (*Id.*)

Defendants argue that the life care plan and economic calculations for future medical expenses based on the use of the stimulator are "speculative by their nature" because they "presume that Ms. Landry will undergo that precise treatment over her lifetime." (Doc. 100-1 at 2.) Plaintiffs respond by quoting Turnipseed's testimony that the stimulator gives good pain relief and should do so for her lifetime. (Doc. 105 at 2.)

**Analysis**

Both Plaintiffs and Defendants point the Court to *Hunt v. Long*, 33395 (L. App. 2 Cir. 06/21/00) 763 So.2d 811, 815-16, for the proposition that, to establish that an injured party has failed in the duty to mitigate his/her damages, a tortfeasor must "demonstrate (1) that the injured party's conduct after the accident was unreasonable and (2) that the unreasonable conduct has the consequence of aggravating the harm." (Doc. 11-1 at 2; Doc. 105 at 3.)

Defendants have failed to establish either prong of this test. The evidence presented establishes that the spinal cord stimulator was recommended by one of Landry's treating doctors and is apparently working effectively. Defendants have presented no evidence that this treatment is not a recognized treatment. Rather, the only evidence offered on this point is from Defendant's medical examiner that the treatment does not address Landry's underlying pathology and this doctor does not anticipate long term success using the stimulator. This does not establish that the use of the stimulator was unreasonable.

In addition, Defendants fail to address the second prong, that the stimulator was "aggravating the harm." The most Defendants can offer is Landry's testimony that she had to increase the level of stimulation from 10 to 20. This does not come close to meeting Defendants' burden on the second prong.

On the issue of "speculation," the Court finds that Defendants' arguments are also without merit. Plaintiffs have offered the testimony of a treating physician who has recommended this procedure and Defendants have offered no evidence that the procedure is harmful or that this it is not a recognized treatment modality for the condition from which Landry suffers. The mere fact that Landry has chosen a more expensive course of treatment, even on that is significantly more expensive, is not grounds for invoking the failure to mitigate defense.

For these reasons, Defendants' motion is denied.

Signed in Baton Rouge, Louisiana, on January 30, 2020.

JUDGE JOHN W. deGRAVELLES
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA